KANSAS CITY, Appellant, v. PETER MADSEN, Respondent. ·

**Kansas City Court of Appeals, March 3, 1902.**

1. **Trial Practice: INSTRUCTIONS: COMMON ERROR.** Where parties submit their cause to the jury on instructions containing a common error, neither one has cause of complaint.

2. **Appellate Practice: CHANGING THEORY: RES ADJUDICATA.** The parties tried their case on the issue whether a certain coalhole in a sidewalk was in a defective and dangerous condition at a certain time and introduced evidence on that issue and asked and received instructions submitting that issue to the jury without calling the jury's attention to a former litigation to which they were parties where the same issue was involved. *Held,* the appellant could not, in the appellate court, change his theory and invoke the conclusiveness of the former judgment.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates, Judge.*

.AFFIRMED.

*L. A. Laughlin* for appellant.

There can be no question that the plaintiff is entitled to recover at least the amount of the judgment and costs which it paid with interest. Robbins v. Chicago, 4 Wall 657, 663; ·C. & O. C. Co. v. Com'rs of Allegany Co., 57 Md. 201, 206; District of Columbia v. Railroad, 1 Mackey 314, 329; Westfield v. Mayo, 122 Mass. 100, 102; Veazie v. Railroad, 49 .Me. 119, 127.

*Porterfield & Sawyer* for respondent.

The whole record of this case shows that the plaintiff below offered a great deal of testimony to prove that the coal-hole was defectively constructed, and the defendant below offered much testimony to disprove that fact, to the admission of which testimony the plaintiff offered no objection. It is too late for the appellant to take this new position for the first time in this court. Hill v. Drug Co., 140 Mo. 433; Hartman v. Railroad, 48 Mo. App. 619; Bensieck v. Cook, 110 Mo. 173; Johnson-Brinkman Co. v. Bank, 116 Mo. 559; Hall v. Goodnight, 138 Mo. 576; Ellis v. Harrison, 104 Mo. 270; Guntley v. Staed, 77 Mo. App. 155; Pope v. Ramsey, 78 Mo. App. 157; Wilson v. Gibson, 63 Mo. App. 656.

SMITH, P. J.—This is an action which was brought by the plaintiff to recover of the defendant the amount of a judgment which it was compelled to pay in an action brought by one Giovanne Mancuso against it for damages for personal injuries resulting to him from falling into a coal-hole in front of certain premises owned by the defendant. The defendant had judgment in the court below and the plaintiff appealed.

It incontestably appears from the pleadings, evidence and instructions that the cause was tried upon the distinct theory that in 1887 the defendant was the owner of certain premises in Kansas City and that in that year he constructed a building thereon and sidewalk and coal-hole in the front thereof; that the said premises were leased to a tenant in 1894 and that at that time the cover over said coal-hole was in a defective and unsafe condition and that this was then known to defendant; that said Mancuso afterwards, while passing over said sidewalk stepped upon said cover and on account of the defective and unsafe condition thereof fell into said coal-hole and was injured; that said Mancuso brought an action against plaintiff and defendant herein (Madsen) to recover damages for said injuries; that said Madsen appeared by his attorney as a party in said action until he was dismissed therefrom;

that there was a judgment against plaintiff, and on appeal to the Kansas City Court of Appeals it was affirmed.

The plaintiff has cited a great number of authorities, many of which are of the highest respectability, in support of the contention that the defendant's second instruction which left it to the jury to say whether or not the said coal-hole and cover were constructed in a safe and sufficient manner, was erroneous because that issue had been settled in the action of Mancuso against the plaintiff and could not be again litigated. If this instruction was an erroneous expression of the law in this regard, then that of plaintiff—its first as requested and as modified—contained a similar vice, so that the error, if it was such, was common. In this state of the record, the principles of the maxim *"common error facit jus'* may be appropriately invoked and applied to dispose of the plaintiff's contention. And the plaintiff's objections to the defendant's third, fourth and fifth may be answered and disposed of in the same way.

The issue of whether or not the coal-hole cover was defective at the time the defendant leased the premises, was clearly made by the petition and answer. The plaintiff, to maintain the affirmative of this issue, introduced a great number of witnesses whose testimony covers more than a hundred pages of the record before us. The defendant, on the other hand, introduced the testimony of several witnesses in support of the negative. This much controverted issue of fact was submitted to the jury by elaborate instructions requested by both sides of the case. The plaintiff asked no peremptory instruction, nor any instruction telling the jury that the record of the proceedings and judgment in the Mancuso case against plaintiff, conclusively established the fact that the coal-hole cover was defective and dangerous at the time of the leasing of said premises. But it now complains of the action of the court in giving the defendant's instructions, which, as well as

Vol 93, app—10.

its own, submitted the issue to the jury without reference to the record of said adjudication. The plaintiff at the trial in the court below interposed no objection to the rebutting evidence introduced by defendant. It is quite obvious that the plaintiff did not proceed in the case, in the court below, upon the idea that the record in the Mancuso case conclusively established any one of the facts upon which it relied for a recovery. It seems that since the cause has been brought here by appeal the plaintiff has discovered that its action at the trial, supplementing the record in the Mancuso case with the great mass of oral testimony, as it did, to maintain the affirmative of the issue, was as idle as piling "Ossa upon Olympus and upon leafy Ossa Pelion." We do not think this discovery can, in view of the plaintiff's course of action in the trial in the court below, be made available here for any purpose. It can not here occupy a different attitude from that occupied by it there.

After the evidence was all in, the plaintiff ought to have asked the court for an instruction based upon the conclusive effect of the record in the Mancuso case, and had that instruction been refused, the question which it is now endeavoring to raise would have been before us for consideration. Under the plaintiff's petition, evidence and instructions, it was not the duty of the trial court, especially when not so requested, to give a peremptory instruction directing a verdict for the plaintiff, or declaring the conclusive effect of the proceedings and judgment in the Mancuso case. The defendant had a right to have the jury pass upon the whole case, and pass upon the credibility of the witnesses and the weight of their testimony. Gannon v. Gas Co., 145 Mo. 502. The plaintiff invited the defendant to a contest and after having been beaten by its adversary on its own chosen ground, it here seeks to renew the contest on different ground. This we think can not be allowed.

We discover nothing in the criticism of the defendant's

Colyer v. Missouri Pacific Ry. Co.

instruction suggesting any sufficient reason for an interference by us with the judgment. We do not feel at liberty to find fault with the trial court for not doing a thing not requested, and by clear implication, not expected of it by either party.

The judgment must be affirmed. All concur.